IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. STATEN also known as The Messiah,<br><br>  Plaintiff,<br><br>v.<br><br>TERRANCE STITH and RUDY MCINTOSH,<br>  Defendants. | )<br>)<br>)<br>)<br>)   CASE NO.   12-CV-972-WDS<br>)<br>)<br>)<br>)<br>) |

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to appoint counsel (Doc. 2), motion for leave to proceed in forma pauperis (Doc. 3), and motion for service of process at government expense (Doc. 4).

Before granting a motion for pauper status, or appointing counsel, a federal court must carefully review the complaint filed by the pro se litigant.  Under the Prison Litigation Reform Act, the Court must screen any indigent's complaint (whether filed by a prisoner or non-prisoner) and dismiss any complaint if (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief can be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).

Pro se complaints must be construed liberally.  *Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007).  Even so, the Court is unable to discern plaintiff's legal claims or what remedies he is seeking.  In his complaint, he alleges that defendant Stith collects "[m]oney from the Arabs without Reporting it to the IRS. And Drinks on the Job while on Medication tearing up the

Taxpayers vehicles."   As to defendant McIntosh, plaintiff alleges that "[h]e was hired by the City to Protect Drug Dealers that wasn't a Natural Born Citizen such as the Arabs which he to buys food stamps from his Tenants under Section 8 & not reporting it to the IRS."

Under the section entitled "Request for Relief," plaintiff makes a number of nonsensical requests and statements devoid of any recognizable legal claims.   In rambling fashion, he claims that he was evicted without notice, became homeless, was sent to jail and had to call the police to get a change of clothes, had to study for class and was dropped from school as his books were being held hostage.   He states that the people around the world will live by the Laws of Moses and the U.S. Constitution, and that "the Question to you is that you know you have the Right to Remain Silent & So do I."   He appears to quote Bible verses, and also appears to make a threat, stating "The Good News is those Idoits [sic] let me Live & the Bad News they should have Killed me. I'm going after each individual Separate with Back Pay."   Under the section marked "Jury Demand" the plaintiff states: "We can settle this out of Court, I wonder Why Cops beat on People while their HANDCUFF?   The answer those are Scared men Moves their Not like Rambo or JESUS or Rev. James you have to have Real Guts."   Plaintiff attaches an East Saint Louis Police Department Citizen Complaint Form, which does not reflect whether it has been filed with the police department, and which contains what appears to be a complaint about water leaking from the ceiling of his apartment.

Upon consideration of the complaint, the Court **FINDS** that the action is clearly frivolous, fails to state a cause of action, and does not seek a legal remedy.   Staten has not met the requirements of 28 U.S.C. § 1915(e)(2), and the Court, therefore, **DENIES** plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) and **DISMISSES WITH PREJUDICE** this cause of action, in its entirety.   All other pending motions are **DENIED** as moot.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

The Court notes the plaintiff's long history of filing lawsuits in this district, most of which were dismissed as frivolous suits.   The Court's research revealed at least sixteen other cases filed by the plaintiff starting in 2007.   A brief overview of the cases filed by "James Staten," "James E. Staten," "Rev. James E. Staten, The Messiah," or "James E. Staten – The Messiah" follows: 07-CV-214-MJR, dismissed for lack of subject matter jurisdiction; 07-CV-570-GPM, dismissed for failure to state a claim and pursuant to § 1915(e)(2); 07-CV-596-DRH, same; 07-CV-627-GPM, same, and counting action as one of plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g); 07-CV-665-MJR, dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim; 07-CV-718-GPM, dismissed for failure to pay the filing fee or to submit a proper motion to proceed in forma pauperis; 08-CV-790-DRH, dismissed; 11-CV-36-JPG, dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); 11-CV-38-GPM dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2); 11-CV-39-DRH, same; 11-CV-269-JPG, same, and warning Staten that the commencement of any frivolous or meritless proceedings in the future may lead to sanctions, including and up to a general ban on opening new cases with this Court; 11-CV-270-GPM, dismissed as frivolous; 11-CV-274-GPM, dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); 11-CV-275-DRH, dismissed for failure to state a claim, as frivolous, for lack of standing, and pursuant to 28 U.S.C. § 1915(e)(2), and warning Staten that filing subsequent frivolous cases will result in sanctions or a general ban against filing any lawsuits; 11-CV-303-JPG, same; 11-CV-304-DRH, same.

The Court notes that plaintiff has been warned on no less than four occasions by Judges in this District that his commencement of frivolous lawsuits would lead to sanctions, up to and

including a general ban against filing further lawsuits. (*See* Case Nos. 11-cv-269-JPG, 11-cv-275-DRH, 11-cv-303-JPG, and 11-cv-304-DRH). The Court will not warn Mr. Staten a fifth time. The Court will no longer allow the plaintiff to "clog[] the processes of the court and . . . burden[] judges and staff to the detriment of litigants having meritorious cases." *Support Sys. Intl., Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). It appears from plaintiff's motion for leave to proceed in forma pauperis that he is indigent, and would be unable to pay a fine, thereby making a monetary sanction futile. The Court also considered allowing plaintiff to seek leave to file any papers with this Court before filing them, but believes that this would not deter plaintiff from filing frivolous suits, and would simply lead to additional filings under a different title, which would still consume the time and resources of this Court. *See id*. at 186 (The problem with allowing the plaintiff to file papers with the express permission of a judge "is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue, just with different labels on the filings and perhaps with fewer judges having to read the filings.").

   Accordingly, under these circumstances, the Court finds the following to be the most appropriate and effective sanction: plaintiff is hereby **BANNED** from filing any paper with United States District Court for the Southern District of Illinois, or its personnel, and **BANNED** from having others file papers on his behalf, with an exception for any criminal case in which Staten is a defendant and for any application for habeas corpus that he may wish to file. The Court will NOT make an exception for civil rights suits because Staten "could no doubt recast his frivolous filings in the form of civil rights complaints, a ploy that the court could defeat only by a laborious specification of the subject matter encompassed by the filings—laborious not only to draft, but

also to monitor." *Id.* at 187.

As "[p]erpetual orders are generally a mistake," Mr. Staten **MAY** submit to this court, **NO EARLIER THAN TWO YEARS FROM THE DATE OF THIS ORDER**, a motion to modify or vacate the order. *Id.* at 186.

The Clerk of the Court in this district is **DIRECTED** to **RETURN UNFILED ALL PAPERS THAT PLAINTIFF ATTEMPTS TO FILE, EXCEPT PAPERS IN ANY CRIMINAL PROCEEDING IN WHICH LITIGANT MIGHT BE A DEFENDANT OR ANY HABEAS CORPUS APPLICATION HE MIGHT FILE**.

**THE CLERK SHALL ALLOW PETITIONER TO FILE A MOTION TO MODIFY OR VACATE THIS ORDER ON OR AFTER FEBRUARY 20, 2015.**

**IT IS SO ORDERED.**

**DATE: February 20, 2013**

　　　　　　　　　　　　　　　　　　　　**/s/   WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**